

Michael T. Rogers (MR-8813)
WASSERMAN GRUBIN & ROGERS LLP
1700 Broadway
New York, New York 10019
(212) 581-3320
*Attorneys for Plaintiff Perkins Eastman Architects, P.C.*

UNITED STATES DISTRICT COURT OF THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

PERKINS EASTMAN ARCHITECTS, P.C.,            :

                        Plaintiff,            :

           -against-            :

NATIONS ACADEMY, LLC and GEMS            :
EDUCATION,            :

                  Defendants.            :

-------------------------------------------------------------X

_____ Civ. _____ (_____)

09 Civ. 8199 (DAB)
ECF Case

## COMPLAINT

**Jury Trial Demanded**

Plaintiff Perkins Eastman Architects, P.C., by and through its attorneys, Wasserman Grubin & Rogers, LLP, as and for its Complaint against defendants Nations Academy, LLC and GEMS Education, respectfully alleges as follows:

## INTRODUCTION

1.    This action arises from the defendants' breach of a series of architectural programming, concept-and-prototype design, site analyses, building design and administration services contracts with Perkins Eastman Architects, P.C. ("Perkins Eastman") relating to the development and construction of new buildings that defendants Nations Academy, LLC and GEMS Education (collectively referred to as the "Defendants") were developing around the world as part of their global network of international schools, including schools proposed for New York, San Francisco, Chicago, Houston, Washington, D.C., Paris, London and Singapore.

2.      The defendants retained Perkins Eastman to provide these various programming, concept-and-prototype designs, site analyses, building designs and administration services for an aggregate agreed upon sum of more than Twelve Million Dollars ($12,000,000.00).

3.      Although Perkins Eastman performed its obligations under the various agreements, including performing extra services at the Defendants' insistence and direction, Defendants breached the agreement by failing to remit more than Three Million Dollars ($3,000,000.00) in outstanding sums due and owing to Perkins Eastman.

## THE PARTIES

4.      Perkins Eastman is an architectural corporation possessing an international reputation as one of the world's premier architectural firms and is duly organized pursuant to and existing under and by virtue of the laws of the State of New York with its principal offices located at 115 Fifth Avenue, New York, New York.

5.      Upon information and belief, Defendant Nations Academy, LLC (hereinafter referred to as "Nations") is a foreign limited liability company, organized and existing under the laws of the State of Delaware, duly authorized to conduct business within the State of New York, maintaining offices at 767 Third Avenue, New York, New York.

6.      Defendant Nations is involved in the business of developing real estate, both on a national level and within the metropolitan area for the purpose of constructing schools for grades K through 12.

7.      Upon information and belief, Defendant GEMS Education (hereinafter referred to as "GEMS") is a foreign corporation, organized and existing under the laws of the United Arab Emirates, duly authorized to conduct business within the State of New York, maintaining offices at 767 Third Avenue, New York, New York.

8.      Defendant GEMS is also involved in the business of developing real estate both on an international level and within the New York metropolitan area for the purpose of constructing schools with grades K through 12.

## JURISDICTION AND VENUE

9.      Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the parties are citizens of different states.

10.     Venue is proper in this Court under 28 U.S.C. § 1391(c)(1) because both defendants Nations and GEMS would be subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

### The Global Network Concept/Prototype Contract

11.     In or about May 2007, Nations and GEMS retained Perkins Eastman for the purpose of having it provide certain architectural services relating to Executive Architect duties for programming, concept design, and prototype design for a global network of international schools (the "Global Network Concept/Prototype Project").

12.     Pursuant to the agreement to have Perkins Eastman act as the Project's architect, Defendants agreed to pay Perkins Eastman the sum of Five Hundred and One Thousand Dollars ($501,000.00) for the architectural services performed plus pay for all reimbursable costs Perkins Eastman incurred at a multiple of 1.1 for the expenditures incurred by Perkins Eastman during the performance of its services (the "Global Network Concept/Prototype Agreement").

13.     Pursuant to the Global Network Concept/Prototype Agreement, Defendants also were obligated to compensate Perkins Eastman for any additional services performed on the

3

Project in accordance with Perkins Eastman's hourly rate schedule for personnel performing the respective services.

14.     Moreover, Defendants were also required to remit payment to Perkins Eastman within 30 days of receipt of an invoice for services completed on the Project.  In the event Defendants failed to timely remit payment, Perkins Eastman was entitled to interest on all outstanding sums due at a rate of nine percent (9%) per annum until payment was received from Defendants.

15.     In or about May 2007, Perkins Eastman and its subconsultants commenced their performance of the necessary architectural services for the Global Network Concept/Prototype Project.  During each stage of the preparation, development and completion of the Global Network Concept/Prototype Project, Defendants reviewed and accepted the work product provided by Perkins Eastman.

16.     Perkins Eastman diligently performed and pursued the completion of the design services required for the Global Network Concept/Prototype Project.

17.     During the course of the Global Network Concept/Prototype Project, Defendants became delinquent in the remitting of payments due to Perkins Eastman for the architectural services completed on the Global Network Concept/Prototype Project.

18.     Inquiries propounded by Perkins Eastman concerning Defendants delinquency in the remitting of payments were responded to with assurances that payment of all outstanding sums due and owing to Perkins Eastman would be immediately forthcoming.

19.     Nevertheless, despite all the promises of immediate payment and Perkins Eastman's continued performance in reliance thereon, Defendants' failure to remit payment

4

continued.  As a result, Perkins Eastman incurred significant damages and losses directly due to the misrepresentations of Defendants.

20.     Perkins Eastman performed all of its obligations under the Global Network Concept/Prototype Agreement with the Defendants, except to the extent that such performance has been prevented and/or lawfully excused on account of actions and omissions by the Defendants or their employees, agents or representatives.

21.     During Perkins Eastman's performance of its obligations under the Global Network Concept/Prototype Agreement, Perkins Eastman performed services in the amount of $331,000.00 and incurred $60,187.03 in reimbursable expenses of which Defendants have only paid the amount of $332,922.31, leaving the sum of $58,264.72 due to Perkins Eastman for architectural services completed on the Global Network Concept/Prototype Project.

22.     As a result of the Defendants' breach of the Global Network Concept/Prototype Agreement, Perkins Eastman sustained damages to be determined at the time of the trial of this action but presently estimated to exceed the sum of $58,264.72.

## The New York Nations School Project

23.     In or about October 2007, Nations and GEMS retained Perkins Eastman for the purpose of having it provide certain architectural services relating to the design of a proposed new five story 200,000 square foot school to be called "The Nations School" to be located in the borough of Manhattan at 12th Avenue and 57th Street, New York, New York on Block No.: 1105, Lot Nos.: 14, 19, 43 and part of 5 (hereinafter referred to as the "New York Project").

24.     Pursuant to the agreement to have Perkins Eastman act as the Project's architect, Defendants agreed to pay Perkins Eastman the sum of Five Million, One Hundred Ninety Seven Thousand, Five Hundred Dollars ($5,197,500.00) for the architectural, the mechanical, electrical

5

and plumbing ("MEP") and structural subconsultant services performed plus an additional One Million Five Hundred and Seven Thousand Dollars ($1,507,000.00) for additional reimbursable consultants together with payment for all reimbursable costs Perkins Eastman incurred at a multiple of 1.1 for the expenditures incurred by Perkins Eastman during the performance of its services (the "New York Agreement").

25.    Pursuant to the New York Agreement, Defendants also were obligated to compensate Perkins Eastman for any additional services performed on the Project in accordance with Perkins Eastman's hourly rate schedule for personnel performing the respective services.

26.    Moreover, Defendants were also required to remit payment to Perkins Eastman within 30 days of receipt of an invoice for services completed on the New York Project.  In the event Defendants failed to timely remit payment, Perkins Eastman was entitled to interest on all outstanding sums due at a rate of nine percent (9%) per annum until received from Defendants.

27.    In or about October 2007, Perkins Eastman and its subconsultants commenced their performance of the necessary architectural services for the design of the New York Project. During each stage of the preparation, development and completion of the design, Defendants reviewed and accepted the work product provided by Perkins Eastman.

28.    Perkins Eastman diligently performed and pursued the completion of the design services required for the New York Project.

29.    During the course of the New York Project, Defendants became delinquent in the remitting of payments due to Perkins Eastman for the architectural services completed on the New York Project.

30.     Inquiries propounded by Perkins Eastman concerning Defendants' delinquency in the remitting of payments were responded to with assurances that payment of all outstanding sums due and owing to Perkins Eastman would be immediately forthcoming.

31.     Nevertheless, despite all the promises of immediate payment and Perkins Eastman's continued performance in reliance thereon, Defendants' failure to remit payment continued.  As a result, Perkins Eastman incurred significant damages and losses directly due to the misrepresentations of Defendants.

32.     Perkins Eastman performed all of its obligations under the New York Agreement with the Defendants, except to the extent that such performance has been prevented and/or lawfully excused on account of actions and/or omissions by the Defendants or their employees, agents or representatives.

33.     During Perkins Eastman's performance of its obligations under the New York Agreement, Perkins Eastman performed services in the amount of $3,394,534.00 and incurred $652,319.63 in reimbursable expenses of which Defendants have only paid the amount of $2,004,676.66, leaving the sum of $2,042,176.97 due to Perkins Eastman for architectural services completed on the New York Project.

34.     As a result of the Defendants' breach of the New York Agreement, Perkins Eastman has sustained damages to be determined at the time of the trial of this action but presently estimated to exceed the sum of $2,042,176.97.

### The Bethesda Maryland Project

35.     In or about October 2007, Nations and GEMS also retained Perkins Eastman for the purpose of having it provide certain architectural services relating to the design of a proposed

7

new school to be located in Bethesda, Maryland at 5430 Grosvenor Lane (the "Bethesda Project").

36.     Pursuant to the agreement to have Perkins Eastman act as the Bethesda Project's architect, Defendants agreed to pay Perkins Eastman the sum of Five Million Three Hundred Fifty Thousand Dollars ($5,350,000) for the architectural and MEP and structural subconsultant services performed plus an additional One Million Six Hundred and twenty two Thousand and five hundred dollars ($1,622,500) for additional reimbursable consultants plus pay for all reimbursable costs Perkins Eastman incurred at a multiple of 1.1 for the expenditures incurred by Perkins Eastman during the performance of its services (the "Bethesda Agreement").

37.     Redesign of Nations DC campus was required due to changes in historical designation of the sites existing buildings and the change in "legacy" open space designation. The result of these new regulations is the need to completely reconfigure the building plan for conformance to the new allowable building areas of the site.  To complete this redesign an additional service was authorized for nine hundred and forty one thousand four hundred dollars ($941,400).

38.     Pursuant to the Bethesda Agreement, Defendants also were obligated to compensate Perkins Eastman for any additional services performed on the Bethesda Project in accordance with Perkins Eastman's hourly rate schedule for personnel performing the respective services.

39.     Moreover, Defendants were also required to remit payment to Perkins Eastman within 30 days of receipt of an invoice for services completed on the New York Project.  In the event Defendants failed to timely remit payment, Perkins Eastman was entitled to interest on all outstanding sums due at a rate of nine percent (9%) per annum until received from Defendants.

8

40.    In or about October 2007, Perkins Eastman and its subconsultants commenced their performance of the necessary architectural services for the design of the Bethesda Project. During each stage of the preparation, development and completion of the design, Defendants reviewed and accepted the work product provided by Perkins Eastman.

41.    Perkins Eastman diligently performed and pursued the completion of the design services required for the Bethesda Project.

42.    During the course of the Bethesda Project, Defendants became delinquent in the remitting of payments due to Perkins Eastman for the architectural services completed on the Bethesda Project.

43.    Inquiries propounded by Perkins Eastman concerning Defendants delinquency in the remitting of payments were responded to with assurances that payment of all outstanding sums due and owing to Perkins Eastman would be immediately forthcoming.

44.    Nevertheless, despite all the promises of immediate payment and Perkins Eastman's continued performance in reliance thereon, Defendants' failure to remit payment continued.  As a result, Perkins Eastman incurred significant damages and losses directly due to the misrepresentations of Defendants.

45.    Perkins Eastman performed all of its obligations under the Bethesda Agreement with the Defendants, except to the extent that such performance has been prevented and/or lawfully excused on account of actions and omissions by the Defendants or their employees, agents or representatives.

46.    During Perkins Eastman's performance of its obligations under the Bethesda Agreement, Perkins Eastman performed services in the amount of $1,334,882.75 and incurred $424,206.01 in reimbursable expenses of which Defendants have only paid the amount of

$944,462.92, leaving the sum of $814,625.84 due to Perkins Eastman for architectural services completed on the Bethesda Project.

47.     As a result of the Defendants' breaching of the Bethesda Agreement, Perkins Eastman has sustained damages to be determined at the time of the trial of this action but presently estimated to exceed the sum of $814,625.84.

## The School Site Analyses Contract

48.     In or about November 2007, Nations and GEMS retained Perkins Eastman for the purpose of having it provide certain architectural services relating to the analysis of possible school sites in San Francisco, Chicago, Houston, Paris, London, and Singapore.(the "Site Analyses Project").

49.     Pursuant to the agreement to have Perkins Eastman act as the Project's architect, Defendants agreed to pay Perkins Eastman a sum of between Ten Thousand ($10,000) and Twenty Thousand Dollars ($20,000) for each site analysis, depending on the scope and detail of the analysis, for a total of Ninety Five Thousand Dollars ($95,000) for the Site Analyses Project, plus pay for all reimbursable costs Perkins Eastman incurred at a multiple of 1.1 for the expenditures incurred by Perkins Eastman during the performance of its services (the "Site Analyses Agreement").

50.     Pursuant to the Site Analyses Agreement, Defendants also were obligated to compensate Perkins Eastman for any additional services performed on the Project in accordance with Perkins Eastman's hourly rate schedule for personnel performing the respective services.

51.     Moreover, Defendants were also required to remit payment to Perkins Eastman within 30 days of receipt of an invoice for services completed on the Project.  In the event

Defendants failed to timely remit payment, Perkins Eastman was entitled to interest on all outstanding sums due at a rate of nine percent (9%) per annum until received from Defendants.

52.     In or about November 2007, Perkins Eastman commenced its performance of the necessary site analyses.  During each stage of the preparation, development and completion of the site analyses, Defendants reviewed and accepted the work product provided by Perkins Eastman.

53.     Perkins Eastman diligently performed and pursued the completion of the site analyses services required for the Site Analysis Project.

54.     During the course of the Site Analysis Project, Defendants became delinquent in the remitting of payments due to Perkins Eastman for the site analyses Perkins Eastman completed under the Site Analyses Agreement.

55.     Inquiries propounded by Perkins Eastman concerning Defendants delinquency in the remitting of payments were responded to with assurances that payment of all outstanding sums due and owing to Perkins Eastman would be immediately forthcoming.

56.     Nevertheless, despite all the promises of immediate payment and Perkins Eastman's continued performance in reliance thereon, Defendants' failure to remit payment continued.  As a result, Perkins Eastman incurred significant damages and losses directly due to the misrepresentations of Defendants.

57.     Perkins Eastman performed all of its obligations under the Site Analyses Agreement with the Defendants, except to the extent that such performance has been prevented and/or lawfully excused on account of actions and omissions by the Defendants or their employees, agents or representatives.

58.    During Perkins Eastman's performance of its obligations under the Site Analyses Agreement, Perkins Eastman performed services in the amount of $58,008.00 and incurred $43,010.76 in reimbursable expenses of which Defendants have only paid the amount of $52,931.89, leaving the sum of $48,086.87 due to Perkins Eastman for architectural services completed on the Project.

59.    As a result of the Defendants' breaching of the Site Analyses Agreement, Perkins Eastman has sustained damages to be determined at the time of the trial of this action but presently estimated to exceed the sum of $48,086.87.

### AS AND FOR A FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT)
### (GLOBAL NETWORK CONCEPT/PROTOTYPE PROJECT)

60.    Perkins Eastman repeats, reiterates and realleges each and every allegation contained in Paragraphs Nos. "1" through No. "59" hereof, with the same force and effect as though more fully set forth at length herein.

61.    By reason of Defendants' failures to remit the outstanding payments due to Perkins Eastman for architectural services perform on the Global Network Concept/Prototype Project, Defendants have breached their Global Network Concept/Prototype Agreement with Perkins Eastman.

62.    Perkins Eastman fully performed all parts of the Global Network Concept/Prototype Agreement required of it to be performed, except to the extent that such performance has been prevented and/or lawfully excused by the actions and/or omissions of the Defendants.

63.    As a result of the Defendants' breaches of the Global Network Concept/Prototype Agreement, Perkins Eastman has sustained damages including, but not limited to, amounts owed for architectural services performed, reimbursement for expenses incurred and lost profits.

64.    By reason of the foregoing, Perkins Eastman is entitled to have judgment against the Defendants in an amount to be determined at trial, but presently estimated to exceed the sum of $58,264.72, together with interest, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (UNJUST ENRICHMENT)
### (GLOBAL NETWORK CONCEPT/PROTOTYPE PROJECT)

65.    Perkins Eastman repeats, reiterates and realleges each and every allegation contained in Paragraphs Nos. "1" through No. "64" hereof, with the same force and effect as though more fully set forth at length herein.

66.    Perkins Eastman provided certain architectural services to the Defendants for their benefit on the Global Network Concept/Prototype Project as well as at their behest and under their specific request and direction.

67.    Defendants accepted the architectural services performed by Perkins Eastman on the Global Network Concept/Prototype Project without objection.

68.    Despite Perkins Eastman performance for Defendants of the requested architectural services on the Global Network Concept/Prototype Project, Defendants have failed and continue to fail to remit the outstanding sums due and owing to Perkins Eastman.

69.    As a result of the Defendants' failure to remit the outstanding payments due to Perkins Eastman on the Global Network Concept/Prototype Project, Defendants have been unjustly enriched by the reasonable value of the architectural services which amount to $58,264.72, and is due and owing to Perkins Eastman.

70.     By reason of the foregoing, the Defendants have been unjustly enriched and Perkins Eastman is entitled to have judgment against the Defendants in an amount to be determined at trial, but presently estimated to exceed $58,264.72, together with interest, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(QUANTUM MERUIT)**
**(GLOBAL NETWORK CONCEPT/PROTOTYPE PROJECT)**

71.     Perkins Eastman repeats, reiterates and realleges each and every allegation contained in Paragraphs Nos. "1" through No. "70" hereof, with the same force and effect as though more fully set forth at length herein.

72.     Defendants requested and directed Perkins Eastman to provide certain architectural services on their behalf for the Global Network Concept/Prototype Project. In response to Defendants, Perkins Eastman provided the requested architectural services.

73.     The Defendants accepted the architectural services performed by Perkins Eastman on the Global Network Concept/Prototype Project without objection.

74.     Despite due demand by Perkins Eastman, the Defendants have failed, refused and neglected to remit the outstanding payments due and owing for requested architectural services performed by Perkins Eastman. The fair and reasonable value of the architectural services performed by Perkins Eastman on the Global Network Concept/Prototype Project for which the Defendants have not paid is in excess of $58,264.72.

75.     By reason of the foregoing, Perkins Eastman has suffered damages because of Defendants and is entitled to have judgment against the Defendants in *quantum meruit* in an amount to be determined at trial, but presently estimated to exceed $58,264.72, together with interest, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (ACCOUNT STATED)
### (GLOBAL NETWORK CONCEPT/PROTOTYPE PROJECT)

76.    Perkins Eastman repeats, reiterates and realleges each and every allegation contained in Paragraphs Nos. "1" through No. "75" hereof, with the same force and effect as though more fully set forth at length herein.

77.    During and after the performance of its architectural services for on the Global Network Concept/Prototype Project for the Defendants, Perkins Eastman delivered to Defendants invoices for the services completed on the Global Network Concept/Prototype Project.

78.    All invoices were accepted and retained by Defendants without objection.

79.    Pursuant to the invoices submitted by Perkins Eastman and accepted by Defendants, paid Perkins Eastman $332,922.31 leaving an unpaid balance due to Perkins Eastman of $58,264.72 on the Global Network Concept/Prototype Project.

80.    The total amount of monies due and owing to Perkins Eastman for the architectural services it provided to Defendants and the expenses for which it was to be reimbursed as set forth in the invoices submitted to Defendants is $58,264.72.

81.    By reason of the foregoing, there is an account stated by which Defendants are liable to Perkins Eastman for the amount of $58,264.72, together with interest, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
## (BREACH OF CONTRACT- NEW YORK PROJECT)

82.     Perkins Eastman repeats, reiterates and realleges each and every allegation contained in Paragraphs Nos. "1" through No. "81" hereof, with the same force and effect as though more fully set forth at length herein.

83.     By reason of Defendants' failures to remit the outstanding payments due to Perkins Eastman for architectural services performed on the New York Project, Defendants have breached their New York Agreement with Perkins Eastman.

84.     Perkins Eastman fully performed all parts of the New York Agreement required of it, except to the extent that such performance has been prevented and/or lawfully excused by the actions and/or omissions of the Defendants.

85.     As a result of the Defendants' breach of the New York Agreement, Perkins Eastman has sustained damages including, but not limited to, amounts owed for architectural services performed, reimbursement for expenses incurred and lost profits.

86.     By reason of the foregoing, Perkins Eastman is entitled to have judgment against the Defendants in an amount to be determined at trial, but presently estimated to exceed the sum of $2,042,176.97, together with interest, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
## (UNJUST ENRICHMENT – NEW YORK PROJECT)

87.     Perkins Eastman repeats, reiterates and realleges each and every allegation contained in Paragraphs Nos. "1" through No. "86" hereof, with the same force and effect as though more fully set forth at length herein.

88.     Perkins Eastman provided certain architectural services to the Defendants for their benefit, as well as at their behest and under their specific request and direction on the New York Project.

89.     Defendants accepted the architectural services performed by Perkins Eastman without objection.

90.     Despite Perkins Eastman performance for Defendants of the requested architectural services for the New York Project, Defendants have failed and continue to fail to remit the outstanding sums due and owing to Perkins Eastman .

91.     As a result of the Defendants' failure to remit the outstanding payments due to Perkins Eastman on the New York Project, Defendants have been unjustly enriched by the reasonable value of the architectural services which amount to $2,042,176.97, and is due and owing to Perkins Eastman.

92.     By reason of the foregoing, the Defendants have been unjustly enriched and Perkins Eastman is entitled to have judgment against the Defendants in an amount to be determined at trial, but presently estimated to exceed $2,042,176.97, together with interest, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## (QUANTUM MERUIT – NEW YORK PROJECT)

93.     Perkins Eastman repeats, reiterates and realleges each and every allegation contained in Paragraphs Nos. "1" through No. "92" hereof, with the same force and effect as though more fully set forth at length herein.

17

94.     Defendants requested and directed Perkins Eastman to provide certain architectural services on their behalf for the New York Project.  In response to Defendants, Perkins Eastman provided the requested architectural services.

95.     The Defendants accepted the architectural services performed by Perkins Eastman without objection.

96.     Despite due demand by Perkins Eastman, the Defendants have failed, refused and neglected to remit the outstanding payments due and owing for requested architectural services performed by Perkins Eastman for the New York Project.  The fair and reasonable value of the architectural services performed by Perkins Eastman for which the Defendants have not been paid is in excess of $2,042,176.97.

97.     By reason of the foregoing, Perkins Eastman has suffered damages because of Defendants and is entitled to have judgment against the Defendants in *quantum meruit* in an amount to be determined at trial, but presently estimated to exceed $2,042,176.97, together with interest, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## (ACCOUNT STATED – NEW YORK PROJECT)

98.     Perkins Eastman repeats, reiterates and realleges each and every allegation contained in Paragraphs Nos. "1" through No. "97" hereof, with the same force and effect as though more fully set forth at length herein.

99.     During and after the performance of its architectural services on the New York Project for Defendants, Perkins Eastman delivered to Defendants invoices for the services completed on the New York Project.

100.    All invoices were accepted and retained by Defendants without objection.

18

101.    Pursuant to the invoices submitted by Perkins Eastman and accepted by Defendants, Perkins Eastman was paid $2,004,676.66 by Defendants, leaving an unpaid balance due to Perkins Eastman of $2,042,176.97.

102.    The total amount of monies due and owing to Perkins Eastman for the architectural services it provided to Defendants on the New York Project and the expenses for which it was to be reimbursed as set forth in the invoices submitted to Defendants is $2,042,176.97.

103.    By reason of the foregoing, there is an account stated by which Defendants are liable to Perkins Eastman for the amount of $2,042,176.97, together with interest, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (BREACH OF CONTRACT – BETHESDA PROJECT)

104.    Perkins Eastman repeats, reiterates and realleges each and every allegation contained in Paragraphs Nos. "1" through No. "103" hereof, with the same force and effect as though more fully set forth at length herein.

105.    By reason of Defendants' failures to remit the outstanding payments due to Perkins Eastman for architectural services perform on the Bethesda Project, Defendants have breached their Bethesda Agreement with Perkins Eastman.

106.    Perkins Eastman fully performed all parts of the Bethesda Agreement required of it to be performed, except to the extent that such performance has been prevented and/or lawfully excused by the actions and/or omissions of the Defendants.

107.   As a result of the Defendants' breaches of the Bethesda Agreement, Perkins Eastman has sustained damages including, but not limited to, amounts owed for architectural services performed, reimbursement for expenses incurred and lost profits.

108.   By reason of the foregoing, Perkins Eastman is entitled to have judgment against the Defendants in an amount to be determined at trial, but presently estimated to exceed the sum of $814,625.84, together with interest, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
### (UNJUST ENRICHMENT – BETHESDA PROJECT)

109.   Perkins Eastman repeats, reiterates and realleges each and every allegation contained in Paragraphs Nos. "1" through No. "108" hereof, with the same force and effect as though more fully set forth at length herein.

110.   Perkins Eastman provided certain architectural services to the Defendants on the Bethesda Project for their benefit as well as at their behest and under their specific request and direction.

111.   Defendants accepted the architectural services performed by Perkins Eastman on the Bethesda Project without objection.

112.   Despite Perkins Eastman performance for Defendants of the requested architectural services, Defendants have failed and continue to fail to remit the outstanding sums due and owing to Perkins Eastman.

113.   As a result of the Defendants' failure to remit the outstanding payments due to Perkins Eastman on the Bethesda Project, Defendants have been unjustly enriched by the reasonable value of the architectural services which amount to $814,625.84, and is due and owing to Perkins Eastman.

114.    By reason of the foregoing, the Defendants have been unjustly enriched and Perkins Eastman is entitled to have judgment against the Defendants in an amount to be determined at trial, but presently estimated to exceed $814,625.84, together with interest, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
## (QUANTUM MERUIT - BETHESDA PROJECT)

115.    Perkins Eastman repeats, reiterates and realleges each and every allegation contained in Paragraphs Nos. "1" through No. "114" hereof, with the same force and effect as though more fully set forth at length herein.

116.    Defendants requested and directed Perkins Eastman to provide certain architectural services on their behalf for the Bethesda Project.  In response to Defendants, Perkins Eastman provided the requested architectural services.

117.    The Defendants accepted the architectural services performed by Perkins Eastman on the Bethesda Project without objection.

118.    Despite due demand by Perkins Eastman, the Defendants have failed, refused and neglected to remit the outstanding payments due and owing for requested architectural services performed by Perkins Eastman on the Bethesda Project.  The fair and reasonable value of the architectural services performed by Perkins Eastman for which the Defendants have not paid is in excess of $814,625.84.

119.    By reason of the foregoing, Perkins Eastman has suffered damages because of Defendants and is entitled to have judgment against the Defendants in *quantum meruit* in an amount to be determined at trial, but presently estimated to exceed $814,625.84, together with interest, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
### (ACCOUNT STATED – BETHESDA PROJECT)

120.    Perkins Eastman repeats, reiterates and realleges each and every allegation contained in Paragraphs Nos. "1" through No. "119" hereof, with the same force and effect as though more fully set forth at length herein.

121.    During and after the performance of its architectural services on the Bethesda Project for Defendants, Perkins Eastman delivered to Defendants invoices for the services completed on the Project.

122.    All invoices were accepted and retained by Defendants without objection.

123.    Pursuant to the invoices submitted by Perkins Eastman and accepted by Defendants for the Bethesda Project, Defendants paid Perkins Eastman $944,462.92, leaving an unpaid balance due to Perkins Eastman of $814,625.84.

124.    The total amount of monies due and owing to Perkins Eastman for the architectural services it provided to Defendants on the Bethesda Project and the expenses for which it was to be reimbursed as set forth in the invoices submitted to Defendants is $814,625.84.

125.    By reason of the foregoing, there is an account stated for the Bethesda Project by which Defendants are liable to Perkins Eastman for the amount of $814,625.84, together with interest, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (BREACH OF CONTRACT – SITE ANALYSES PROJECT)

126.    Perkins Eastman repeats, reiterates and realleges each and every allegation contained in Paragraphs Nos. "1" through No. "125" hereof, with the same force and effect as though more fully set forth at length herein.

127.    By reason of Defendants' failures to remit the outstanding payments due to Perkins Eastman for architectural services perform on the Project, Defendants have breached their Site Analyses Agreement with Perkins Eastman.

128.    Perkins Eastman fully performed all parts of the Site Analyses Agreement required of it to be performed, except to the extent that such performance has been prevented and/or lawfully excused by the actions and/or omissions of the Defendants.

129.    As a result of the Defendants' breaches of the Site Analyses Agreement, Perkins Eastman has sustained damages including, but not limited to, amounts owed for architectural services performed, reimbursement for expenses incurred and lost profits.

130.    By reason of the foregoing, Perkins Eastman is entitled to have judgment against the Defendants in an amount to be determined at trial, but presently estimated to exceed the sum of $48,086.87, together with interest, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (UNJUST ENRICHMENT - SITE ANALYSES PROJECT)

131.    Perkins Eastman repeats, reiterates and realleges each and every allegation contained in Paragraphs Nos. "1" through No. "130" hereof, with the same force and effect as though more fully set forth at length herein.

132.    Perkins Eastman provided certain architectural services to the Defendants on the Site Analyses Project for their benefit as well as at their behest and under their specific request and direction.

133.    Defendants accepted the architectural services performed by Perkins Eastman on the Site Analyses Project without objection.

134.   Despite Perkins Eastman performance on the Site Analyses Project for Defendants of the requested architectural services, Defendants have failed and continue to fail to remit the outstanding sums due and owing to Perkins Eastman on the Site Analyses Project.

135.   As a result of the Defendants' failure to remit the outstanding payments due to Perkins Eastman on the Site Analyses Project, Defendants have been unjustly enriched by the reasonable value of the architectural services which amount to $48,086.87, and is due and owing to Perkins Eastman.

136.   By reason of the foregoing, the Defendants have been unjustly enriched and Perkins Eastman is entitled to have judgment against the Defendants in an amount to be determined at trial, but presently estimated to exceed $48,086.87, together with interest, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
## (QUANTUM MERUIT – SITE ANALYSES PROJECT)

137.   Perkins Eastman repeats, reiterates and realleges each and every allegation contained in Paragraphs Nos. "1" through No. "136" hereof, with the same force and effect as though more fully set forth at length herein.

138.   Defendants requested and directed Perkins Eastman to provide certain architectural services on their behalf for the Site Analyses Project.  In response to Defendants, Perkins Eastman provided the requested architectural services.

139.   The Defendants accepted the architectural services performed by Perkins Eastman on the Site Analyses Project without objection.

140.   Despite due demand by Perkins Eastman, the Defendants have failed, refused and neglected to remit the outstanding payments due and owing for requested architectural services

24

147.    By reason of the foregoing, there is an account stated by which Defendants are liable to Perkins Eastman for the amount of $48,086.87, together with interest, costs and disbursements of this action.

**WHEREFORE**, plaintiff Perkins Eastman Architects, P.C., hereby demands judgment against the Defendants Nation and GEMS as follows:

(a)    on the First Cause of Action, in an amount to be determined at the trial of this action, but which is believed to exceed $58,264.72, plus interest thereon;

(b)    on the Second Cause of Action, in an amount to be determined at the trial of this action, but which is believed to exceed $58,264.72, plus interest thereon;

(c)    on the Third Cause of Action, in an amount to be determined at the trial of this action, but which is believed to exceed $58,264.72, plus interest thereon;

(d)    on the Fourth Cause of Action, in the amount of $58,264.72

(e)    on the Fifth Cause of Action, in an amount to be determined at the trial of this action, but which is believed to exceed $2,042,176.97, plus interest thereon;

(f)    on the Sixth Cause of Action, in an amount to be determined at the trial of this action, but which is believed to exceed $2,042,176.97, plus interest thereon;

(g)    on the Seventh Cause of Action, in an amount to be determined at the trial of this action, but which is believed to exceed $2,042,176.97, plus interest thereon;

(h)    on the Eighth Cause of Action, in the amount of $2,042,176.97

(i)    on the Ninth Cause of Action, in an amount to be determined at the trial of this action, but which is believed to exceed $814,625.84, plus interest thereon;

(j)    on the Tenth Cause of Action, in an amount to be determined at the trial of this action, but which is believed to exceed $814,625.84, plus interest thereon;

(k)     on the Eleventh Cause of Action, in an amount to be determined at the trial of this

        action, but which is believed to exceed $814,625.84, plus interest thereon;

(l)     on the Twelfth Cause of Action, in the amount of $814,625.84

(m)     on the Thirteenth Cause of Action, in an amount to be determined at the trial of

        this action, but which is believed to exceed $48,086.87, plus interest thereon;

(n)     on the Fourteenth Cause of Action, in an amount to be determined at the trial of

        this action, but which is believed to exceed $48,086.87, plus interest thereon;

(o)     on the Fifteenth Cause of Action, in an amount to be determined at the trial of this

        action, but which is believed to exceed $48,086.87, plus interest thereon;

(p)     on the Sixteenth Cause of Action, in the amount of $48,086.87

(q)     for the costs, disbursements and attorneys' fees of this action; and

(r)     for such other, further and different relief as this Court may deem just and proper.


Dated: September 25, 2009
       New York, New York


                              WASSERMAN GRUBIN & ROGERS, LLP


                              By: _____
                                    Michael T. Rogers (MR-8813)
                              1700 Broadway, 42nd Floor
                              New York, New York 10019
                              (212) 581-3320
                              *Attorneys for Plaintiff Perkins Eastman Architects, P.C.*